UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                     Case No. 16-10894

ESTATE OF ALBERT CHICOREL, et al.,

    Defendants.
                                            /

**OPINION AND ORDER GRANTING MOTION FOR INDICATIVE RULING UNDER FED. R. CIV. P. 62.1(a)(3)**

Before the court is Plaintiff's "Motion to Correct/Clarify Judgment and for Rule 62.1(a)(3) Indicative Ruling," which the court construes as a motion only for an indicative ruling under Federal Rule of Civil Procedure 62.1(a)(3). (Dkt. #44.) Defendants have filed an opposition. (Dkt. #46.) The court has determined that a hearing is unnecessary. E.D. Mich. LR 7.1(f)(2). For the following reasons, the court grants Plaintiff's motion and states that it would grant Plaintiff's motion to amend the judgment if the court of appeals remanded for that purpose.

Plaintiff filed this action to recover back taxes allegedly owed by Defendant Estate of Albert Chicorel and to enforce federal tax liens against certain property owned by the Estate. (Dkt. #1.) The latter claim was dismissed without prejudice by stipulation of the parties. (Dkt. #24.)

Plaintiff moved for summary judgment as to taxes owed during the 2002, 2003, and 2004 tax years. (Dkt. #22.) The court granted Plaintiff's motion as to 2003 and 2004, but directed further briefing as to 2002. (Dkt. #27.) Following supplemental

briefing, the court granted summary judgment to Plaintiff as to the 2002 tax year. (Dkt. #34.) It then entered judgment in Plaintiff's favor in the following form:

> In accordance with the court's "Opinion and Order Granting Motion for Summary Judgment" (Dkt. # 34) dated August 12, 2017 and the "Opinion and Order Granting in Part Motion for Summary Judgment" (Dkt. # 27) dated April 24, 2017,
> IT IS ORDERED AND ADJUDGED that judgment is entered in favor of Plaintiff United States of America and against Defendant Estate of Albert Chicorel Dated at Port Huron, Michigan, this 12th day of August, 2017.

(Dkt. #35.) Three days following the court's entry of judgment, Defendants filed a motion to amend that judgment. (Dkt. #36.) The court denied the motion to amend (Dkt. #40), and Defendants filed their notice of appeal two weeks later (Dkt. #41).

Plaintiff, citing *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233 (1958) and *McDermitt v. United States*, 954 F.2d 1245, 1249 (6th Cir. 1992), contends that the court's judgment may be defective because it does not include a sum certain dollar amount. Defendants disagree that a sum certain amount is required, noting that *F. & M. Schaefer* requires only that a final judgment for money either expressly state the dollar amount owed or do so "by reference." Defendants argue that the court incorporated the dollar amount owed by reference when it cited its orders granting summary judgment. (Dkt. ##27, 34.) Defendants also say that they have never contested the dollar amounts of the assessments made. (Dkt. #46 Pg. ID 451.)

The court agrees with Plaintiff that, for clarity, the judgment should include a sum certain dollar amount and that the exclusion of such a dollar amount constitutes a "mistake arising from oversight or omission" revisable under Rule 60(a). Defendants do not contest the sum certain dollar amount Plaintiff seeks to add to the judgment.

The court briefly addresses Defendants' two remaining arguments against amendment. Defendants contend that Plaintiff's motion to amend is untimely. The court, however, would amend this judgment as permitted by Federal Rule of Civil Procedure 60(a), which has no time limit.

Defendants also maintain that the proposed amendment includes "confusing and self-contradicting references" to two statutory interest provisions, 28 U.S.C. § 1961 (which provides for postjudgment interest in civil cases before district courts) and 26 U.S.C. § 6621 (which provides for interest in certain tax cases). The court sees no conflict. Rather, § 1961(c)(1) clarifies that interest in internal revenue tax cases is calculated under 26 U.S.C. § 6621 rather than under the general provision for postjudgment interest in § 1961. It does not appear to the court that Plaintiff, in requesting citation to both statutes in the judgment, is asking for a double recovery of interest in this case, as Plaintiff is indisputably not entitled to such. Accordingly,

IT IS ORDERED that Plaintiff's motion for indicative ruling under Federal Rule of Civil Procedure 62.1(a)(3) is GRANTED. The court states that it would grant Plaintiff's motion to amend the judgment if the court of appeals remanded for that purpose. The court would amend the judgment to read as follows:

> In accordance with the court's "Opinion and Order Granting Motion for Summary Judgment" (Dkt. # 34) dated August 12, 2017 and the "Opinion and Order Granting in Part Motion for Summary Judgment" (Dkt. # 27) dated April 24, 2017,
> IT IS ORDERED AND ADJUDGED that judgment is entered in favor of Plaintiff United States of America and against Defendants Estate of Albert Chicorel and Richard Behar as personal representative of the Estate of Albert Chicorel for unpaid income taxes for the tax years 2002, 2003, and 2004 in the amount of $738,344.26, plus statutory interest pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621, accruing on and

after March 1, 2017 until the judgment is paid in full. Dated at Port Huron, Michigan, this 12th day of August, 2017.

                                                s/Robert H. Cleland                /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 18, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 18, 2018, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                     /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\KNP\Civil\16-10894.CHICOREL.indicative.ruling.amend.judgment.KNP.docx